THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00046-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL BALAIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion for Compassionate Release" [Doc. 28] and the Government's Motion to Seal [Doc. 35].

**I.     PROCEDURAL BACKGROUND**

In April 2018, the Defendant Michael Balais was charged in a Bill of Indictment with one count of possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count One); one count of transferring an unregistered firearm, in violation of 26 U.S.C. § 5681(e) (Count Two); and one count of possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [Doc. 1]. In April 2019, the Defendant pled guilty pursuant to a plea agreement to Count One in exchange for the dismissal of Counts Two and Three. [Doc. 13].

On September 19, 2019, the Defendant was sentenced to a total of 36 months' imprisonment and a three-year term of supervised release. [Doc. 25]. The Defendant is currently serving this sentence at FCI Memphis, and his projected release date is July 29, 2021.[1]

The Defendant filed a motion for compassionate release on September 15, 2020, citing the ongoing COVID-19 pandemic. [Doc. 28]. The Court ordered the Government to respond, and the Government filed its response on October 19, 2020. [Doc. 33].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of his BOP facility, but that

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 23, 2020).

more than thirty (30) days passed without any response. [Doc. 28 at 14]. The Government concedes that the Defendant has exhausted the remedies required by the statute. [See Doc. 33 at 1]. Therefore, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. Sept. 9, 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." As is pertinent here, a defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

>correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The Defendant's motion provides little information from which the Court can base a determination that the Defendant presents "extraordinary and compelling reasons" for relief. He makes reference to having a number of medical conditions that place him at an increased risk of death or serious complications from COVID-19. However, he only specifically references having hypertensive heart disease with heart failure. [Doc. 28 at 16]. The Government, referencing the Defendant's BOP medical records, confirms this medical condition and identifies several other medical issues—including obesity, moderate to severe pulmonary hypertension, and essential hypertension—that have been identified as risk factors for severe illness from COVID-19. [Doc. 33 at 6-8]. The Government concedes that these chronic conditions, in the context of the ongoing pandemic, present "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." [Id. at 8 (citing § 1B1.13, cmt. n.1(A)(ii)].

The Court's analysis, however, does not end there. The Court must also consider all the relevant circumstances, including the relevant § 3553(a)

5

factors, as well as the possible danger to the community posed by the Defendant's early release.

Here, the Court at sentencing calculated an advisory Guidelines range of 46 to 57 months. [Doc. 22 at 76]. The Court, however, found this range to be unduly harsh given the characteristics of the Defendant and the circumstances of his offense. Specifically, the Court noted the Defendant's diminished mental capacity and his serious health issues, as well as the fact that he sold the unregistered firearm at issue out of desperation for money to buy food. In light of these circumstances, the Court imposed a below-Guideline sentence of 36 months. With consideration of good time credits, the Defendant has now served more than two-thirds of that sentence. Considering the relevant § 3553(a) factors, the Court finds that reducing the Defendant's sentence to time served would still serve the purposes of reflecting the true extent and seriousness of the Defendant's offense, promoting respect for the law, providing just punishment, and affording adequate deterrence.

The Court further finds that the Defendant is not currently "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Notably, as conceded by the Government, the Defendant's BOP record

reveals that he has presented no disciplinary problems and has participated in self-improvement courses.  Further, the Defendant has offered information concerning his release plan, proposed living circumstances, and means of obtaining necessary healthcare.

For all these reasons, the Court finds that reducing the Defendant's sentence to a term of time served plus 21 days, taken with additional appropriate restrictions,[3] is sufficient in light of the nature of the Defendant's offense and his criminal history, and that releasing the Defendant does not pose a danger to the community.

The Government requests that, in the event the Defendant's motion is granted, the Court order a period of home confinement.  See 18 U.S.C. § 3582(c)(1)(A); see also 18 U.S.C. § 3583(e)(4) (allowing court to order the defendant to remain at his residence during nonworking hours as an alternative to incarceration); U.S.S.G. § 5F1.2 (permitting home detention to be imposed as a condition of supervised release, but only as a substitute for imprisonment).  The Court will grant the Government's request.

---

[3] The Court understands that, in order to protect the public, it is the policy of the BOP to quarantine inmates for a period of at least 14 days prior to release to home confinement. See https://www.bop.gov/coronavirus/faq.jsp#hc_quarantine (last visited Oct. 23, 2020).

Finally, the Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 34-1] filed in support of its Response to the Defendant's Motion for Compassionate Release. For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions. [Doc. 35].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on October 19, 2020, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's

8

competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** the Defendant's "Emergency Motion for Compassionate Release" [Doc. 28] is **GRANTED**, and the Defendant's sentence is hereby **REDUCED** to a sentence of **TIME SERVED PLUS TWENTY-ONE (21) DAYS**. The Bureau of Prisons shall place the Defendant in quarantine for a minimum period of fourteen (14) days immediately prior to his release.

**IT IS FURTHER ORDERED** that the Defendant's term of supervised release is hereby **MODIFIED** so as to require the Defendant to serve the first six (6) months thereof on home detention, with location monitoring.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 35] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 34-1] shall be filed under seal and shall remain under seal until further Order of the Court.

The Clerk of Court is respectfully directed to prepare an Amended Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: October 26, 2020

Martin Reidinger
Chief United States District Judge